IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CYNTHIA HUBBARD,                                              Civil Action File No.

    Plaintiff,

v.

WALMART INC. and JOHN DOE,

    Defendants.
_____/

## NOTICE OF REMOVAL

COMES NOW WALMART, INC., named Defendant in the above-captioned matter, by and through its counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendant WALMART, INC. in the State Court of Clarke County, Georgia, which is within the Athens Division of this Court 28 U.S.C.A. § 90 (a)(2). Said lawsuit is styled as above and is numbered as Civil Action File No. ST23CV0696. Plaintiff's claim against Defendant includes claims of negligence.

2.

Plaintiff filed the Complaint on or about November 10, 2023. Defendant WALMART, INC. received service of summons and copies of the Complaint on November 29, 2023. WALMART, INC. filed its Answer on December 28, 2023. Defendant WALMART, INC. files this removal within thirty (30) days after service of summons and a copy of this Complaint.

3.

Defendant WALMART INC. is a Delaware corporation with its principal place of business in the State of Arkansas. Defendant WALMART INC. was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of said lawsuit, or at any time thereafter.

4.

Plaintiff Cynthia Hubbard is a citizen of the State of Georgia, residing at 130 Wright Circle, Athens, GA 30601.

5.

Complete diversity of citizenship exists between Plaintiff and Defendant.

6.

Plaintiff claims right shoulder injury of a torn rotator cuff; neck injuries, including disc bulges and bilateral foraminal stenosis from C5-C7; lower back injuries including disc bulges and herniations from L1-S1; with the spinal injuries

requiring cervical and lumbar injections, interlaminar cervical epidural steroid injections, lumbar facet medial branch block procedures. (Exhibit "A") Plaintiff's Complaint alleges in paragraph 29 past medical expenses are "in excess of $38,815.05" and Plaintiff has provided medical bills of approximately $61,012, based on medical bills of $49,893.41 from Regional Medical Group, $1,550 from St. Mary's Emergency Department, $4,169 from Onyx Imaging, and $5,400 from physical therapy. (Exhibit "B") On September 15, 2023, Plaintiff made her last pre-suit settlement demand of $190,000, based on these medical expenses, as well as her unspecified past and future lost wages from her job termination. (Exhibit "C") Plaintiff has met the jurisdictional requirement for federal subject matter jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1262 n.62 (11th Cir. 2007) (quoting 28 U.S.C. § 1446(b)); Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761–62 (5th Cir.2000); Williams v. Safeco Ins. Co., 74 F.Supp.2d 925, 929 (W.D.Mo.1999); Southern Ins. Co. of Virginia v. Karrer, Civil Action No. 3:10–CV–84 (CAR), 2011 Westlaw 1100030 (M.D.Ga. Mar. 22, 2011); Golden Apple Management Co. v. Geac Computers, Inc., 990 F.Supp. 1364, 1368 (M.D.Ala. 1998); Jackson v. Select Portfolio Servicing, 651 F.Supp.2d 1279, 1281 (S.D.Ala. 2009); Barlow v. Variety Wholesalers, Civil Action No. 5:14-CV-375 (WLS) (M.D.Ga. Dec. 17, 2014); Devezin v. Wal-Mart Stores East, LP, Civil Action No. 1:134-CV-3721 (CAP) (N.D.Ga February 20, 2015); Peterman v. Wal-Mart

Stores, Civil Action No. 1:13-cv-91 (WLS), 2013 Westlaw 5210188 (M.D.Ga. Sept. 13, 2013); Farley v. Variety Wholesalers, Civil Action No. 5:13-CV-52 (CAR), 2013 Westlaw 1748608 (M.D.Ga. April 23, 2013). The amount in controversy, exclusive of interest and costs, exceeds $75,000.

7.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendant.

8.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendant has attached as Exhibit "D" copies of all the pleadings that were provided to and served upon Defendant, including copies of all pleadings that have been filed to date in the State Court of Clarke County, Georgia for the above-styled case.

10.

Pursuant to 28 U.S.C. § 1446, Defendant is not required to file a removal bond.

11.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

12.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Clarke County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendant WALMART INC. prays that the above-captioned lawsuit be removed to the United States District Court for the Middle District of Georgia, Athens Division.

This the 28th day of December, 2023.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta, GA  30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

The undersigned counsel certifies that the foregoing **Notice of Removal** has been prepared with one of the font and point selections approved by the court in LR 5.1B.

_____
Jennie E. Rogers

## CERTIFICATE OF SERVICE

This is to certify that on December 28, 2023, I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta, GA  30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com